# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PENNY FINDLEY,

    Plaintiff,

vs.                                              No. CIV 99-0436 JC/JHG

K-MART CORPORATION,
a foreign corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

Having reviewed the pleadings filed in this case and the applicable law, I conclude, *sua sponte*, that I lack subject matter jurisdiction and must remand this case to the Fifth Judicial District Court, County of Lea, State of New Mexico.

## I.    Background

Plaintiff filed suit against Defendant in the Fifth Judicial District Court, County of Lea, State of New Mexico, asserting claims based solely on New Mexico law arising out of an employment dispute. On April 20, 1999, Defendant removed the action to this court under 28 U.S.C. § 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332. Defendant's notice of removal states that "the matter in controversy exceeds the sum of $75,000.00 because Plaintiff claims civil rights violations, loss of earnings, both past and future, consequential damages, attorney's fees and punitive damages."

**II.    Discussion**

"'A court lacking jurisdiction . . . must dismiss the cause at *any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking.'" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995) (citations omitted). In order for diversity jurisdiction to exist, 28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000. "The burden is on the party requesting removal to set forth, in the notice of removal itself, the '*underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,000.'"[1] *Laughlin*, 50 F.3d at 873 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). Furthermore, "there is a presumption against removal jurisdiction." *Laughlin*, 50 F.3d at 873 (citing *Gaus*, 980 F.2d at 567). In *Laughlin*, the Court of Appeals for the Tenth Circuit found that

> [n]either Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The [complaint] merely alleges that the amount in controversy is in excess of $10,000 for each of two claims. . . . Kmart sets forth facts in its jurisdictional brief alleging that at the time of removal the amount in controversy was well above the jurisdictional minimum of $50,000. Kmart failed, however, to include any of these facts in its notice of removal. . . . Moreover, Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

*Laughlin*, 50 F.3d at 873.

Here, Plaintiff's complaint does not specify the amount of damages sought. Defendant's notice of removal merely states that the amount in controversy exceeds the jurisdictional minimum. Neither the complaint nor the notice of removal set forth the "'*underlying facts* supporting [the] assertion that

---

[1] At the time *Laughlin* was decided, the amount in controversy needed to exceed $50,000 exclusive of interest and costs. Effective January 17, 1997, that amount was increased to $75,000.

the amount in controversy exceeds [$ 75,000].'" *Laughlin*, 50 F. 3d at 873 (quoting *Gaus*, 980 F.2d at 567). Therefore, I lack subject matter jurisdiction. 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, remand is appropriate in this instance.

Wherefore,

IT IS ORDERED that this case is hereby remanded to the Fifth Judicial District Court, County of Lea, State of New Mexico.

DATED this 22nd day of June, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

For Plaintiff:	W. T. Martin, Jr.
	Martin Law Office
	Carlsbad, New Mexico

For Defendant:	Debra J. Mouton
	Kennedy, Moulton & Wells, P.C.
	Albuquerque, New Mexico